# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 8, 2013

## STATE OF TENNESSEE v. TIMOTHY JAMES COLEY

**Direct Appeal from the Circuit Court for Madison County**
**No. 11502      Donald H. Allen, Judge**

---

**No. W2012-01122-CCA-R3-CD  - Filed June 3, 2013**

---

Following a jury trial in the Madison County Circuit Court, Defendant Timothy James Coley was convicted of the Class B felony offense of initiation of the process to manufacture methamphetamine, and also of the Class A misdemeanor offenses of possession of methamphetamine, possession of drug paraphernalia, and evading arrest.  For each of the Class A misdemeanors, he was sentenced to serve concurrent sentences of 11 months and 29 days, with a 75% service by incarceration prior to eligibility for work release, furlough, trusty status and/or rehabilitation programs.  Defendant was sentenced to serve 12 years as a Range I standard offender for the felony conviction, with service in the Community Corrections Program, consecutive to, and following service of the sentence for the misdemeanor convictions.  Typed under "Special Conditions" of each judgment for a misdemeanor conviction is a requirement that the incarceration must be served in the Madison County Jail and not at the Madison County penal farm.  Also typed in the Special Conditions section is the provision that Defendant was not eligible for work release or "any other special jail credits."  Handwritten on the judgment for possession of methamphetamine is the addition "(other than [g]ood [b]ehavior credits)."  Defendant presents one very narrow issue in this appeal.  He argues that the trial court had no authority to place any restrictions on "the earning of credits and the manner in which the credits are earned."  Specifically, he asserts he should be entitled to sentence credits under Tennessee Code Annotated section 41-2-147.  The state filed a brief with a detailed argument section, but failed to address the precise issue raised by Defendant.  Following a thorough review of the record and Defendant's brief, we reverse the judgments of the trial court as to the sentencing credit restrictions in the misdemeanor judgments and remand for entry of amended judgments that do not include the restriction on earning sentencing credits.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Timothy James Coley.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

*Facts*

In the section of his brief where the issue on appeal is specified, Defendant states the issue as follows: "Whether or not the trial court erred in placing certain restrictions upon the defendant that would apply to the service of his misdemeanor sentences." In the relatively short argument section of his brief, Defendant focuses on the trial court's erroneous denial to Defendant of "access to any programs offered by the Madison County Sheriff's Department during the service of his sentence." Relying on Tennessee Code Annotated section 41-2-147, Defendant asserts that, "In this case, the trial court's orders allow the Defendant to earn 'good time credits' but expressly forbade him from earning credit for work done in the institution."

Tennessee Code Annotated section 41-2-147 provides in full as follows:

> **41-2-147. Certain prisoners in local jails or workhouses – Eligibility for work-related programs – Credits. –** (a) The sheriff or administrative authority having responsibility for the custody of any person sentenced to a local jail or workhouse pursuant to the provisions of former § 40-35-302 [repealed], § 40-35-306 [repealed], § 40-35-307 [repealed] or § 40-35-311 [repealed] or present § 40-35-302, § 40-35-307 or § 40-35-314 shall, when a person has become eligible for work related programs pursuant to those sections, be authorized to permit the person to perform any of the duties set out in § 41-2-123 or § 41-2-146.
>
> (b) Work performed by a prisoner under this section shall be credited toward reduction of the prisoner's sentence in the following manner: for each one (1) day worked on such duties by the prisoner the sentence shall be reduced by two (2) days.

(c) Any prisoner receiving sentence credits under this section shall not be eligible for the sentence reduction authorized by § 41-2-111. [Acts 1984, ch. 841, § 1.]

Tennessee Code Annotated section 40-35-302 provides in pertinent part as follows:

**40-35-302.  Misdemeanor sentencing – Rehabilitative program credits – Probation – Supervision of defendants on probation.**

(a) In imposing a sentence for a misdemeanor, the court may conduct a separate sentencing hearing.  If the court does not conduct a separate sentencing hearing, the court shall allow the parties a reasonable opportunity to be heard on the question of the length of any sentence and the manner in which the sentence is to be served.

(b) In imposing a misdemeanor sentence, the court shall fix a specific number of months, days, or hours, and the defendant shall be responsible for the entire sentence undiminished by sentence credits of any sort except for credits authorized by § 40-23-101, relative to pretrial jail credit, or §§ 33-5-406 and 33-7-102, relative to mental examinations and treatment, and credits awarded in accordance with either, but not both, § 41-2-111 or § 41-2-147.  The court shall impose a sentence consistent with the purposes and principles of this chapter.

(c) When a defendant is serving a misdemeanor sentence, the defendant shall be continuously confined for the duration of the sentence except as provided in subsections (d) and (e); provided, *that nothing in this section shall be construed as prohibiting a defendant, in the discretion of the workhouse superintendent or sheriff*, from participating in work crews during the time the defendant is to be continuously confined.

(d) In imposing a misdemeanor sentence, the court shall fix a percentage of the sentence that the defendant shall serve.  After service of such a percentage of the sentence, the defendant shall be eligible for consideration for work release, furlough, trusty status and related rehabilitative programs.  The percentage shall be expressed as zero percent (0%), ten percent (10%), twenty percent (20%), thirty percent (30%), forty percent (40%), fifty percent (50%), sixty percent (60%), seventy percent (70%) but not in excess of seventy-five percent (75%).  If no percentage is expressed in the judgment, the percentage shall be considered zero percent

(0%). When the defendant has served the required percentage, the administrative authority governing the rehabilitative program shall have the authority, in its discretion, to place the defendant in the programs as provided by law. In determining the percentage of the sentence to be served in actual confinement, the court shall consider the purpose of this chapter, the principles of sentencing and the enhancement and mitigating factors set forth in this chapter and shall not impose such percentages arbitrarily.

(emphasis added).

In its brief, the State set forth its interpretation of the issue on appeal as follows: "Did the trial court abuse its discretion by imposing restrictions *as to where the defendant served* his concurrent sentences of 11 months, 29 days within Madison County before his release on community corrections?" (emphasis added). As can be readily observed, this statement does not include Defendant's sole issue that the trial court lacked authority to prohibit him from being allowed sentence credits pursuant to Tennessee Code Annotated section 41-2-147. In the argument section of its brief, the State continues to misinterpret Defendant's issue on appeal:

The defendant contends that the trial court did not have the authority to require that he serve his sentence of 11 months 29 days in the Madison County Jail – as opposed to the Madison County Penal Farm – prior to his release on community corrections.

Brief for the State, at 3.

Furthermore, the State recognizes that Tennessee Code Annotated section 41-2-147 (which Defendant relies on in support of his argument) "*clearly delineates* the sheriff's authority as it relates to inmates in their custody." (emphasis added). However, the State continues to address the wrong issue by asserting the cited statute "says nothing regarding the trial court's authority to impose restrictions on the *placement of the inmate within the county*." (emphasis added). Brief for the State, at 5. While there is no need to further quote from the State's argument on appeal, we do note that the remainder of the State's argument also addresses its mistaken interpretation of Defendant's issue.

We interpret Tennessee Code Annotated section 40-35-302 and 41-2-147 to provide for a sheriff in whose custody a defendant is placed, to have the discretion and authority to determine if the defendant can participate in work related programs pursuant to Tennessee Code Annotated section 41-2-147 and receive the "2 for 1" sentence credits allowed by subsection (b) of that statute. As noted above, subsection (c) provides that any prisoner who

-4-

receives the "2 for 1" credits under subsection (b), is not eligible for the sentence reduction credits authorized by Tennessee Code Annotated section 41-2-111. *See* Tenn. Code Ann. § 41-2-147(c). Tennessee Code Annotated section 41-2-111(b) allows for good time (or behavior) credits.

As acknowledged by the State in its brief, Tennessee Code Annotated section 41-2-147 "clearly delineates" the *sheriff's* authority as it relates to inmates. Our General Assembly granted this authority to the sheriffs in Tennessee who have custody of prisoners. Accordingly, it was error for the trial court to impose a special condition in the misdemeanor judgments which in effect prohibited the sheriff of Madison County from carrying out his statutory responsibilities as to Defendant, as they relate to Tennessee Code Annotated section 41-2-147.

## CONCLUSION

The convictions are affirmed, but the judgments as to sentencing for the misdemeanor convictions of possession of methamphetamine, possession of drug paraphernalia, and evading arrest are reversed as to special conditions imposed, and those judgments are remanded for the sole purpose of entry of amended judgments which delete the language: "Also, the Court orders that the Defendant receive no work release or any other special jail credits while in jail."

_____
THOMAS T. WOODALL, JUDGE